IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR373** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **JOHN E. BLOOM,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 29). The government has adopted the PSR. (Filing No. 30.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 31 and 41. The objections are discussed below.

**¶ 31 - Career Offender**

The Defendant argues that the offenses described in ¶¶ 44 and 45 are not qualifying offenses for the application of the career offender guideline, U.S.S.G. § 4B1.2.

The offense set out in ¶ 44 involves receipt of stolen property and operating a vehicle to avoid arrest. The narrative indicates that the Defendant led officers on a high speed chase and crashed his vehicle at an intersection. Such an offense qualifies as a "crime of violence" as defined in § 4B1.2(a). *United States v. Kendrick,* 423 F.3d 803, 809 (8th Cir. 2005).

The offense described in ¶ 45, involving possession of anhydrous ammonia with the intent to manufacture methamphetamine, meets the criteria set out in U.S.S.G. § 4B1.2(b):

an offense punishable by more than one year imprisonment that "prohibits the manufacturer, import, export, distribution, or dispensing of a controlled substance."

For these reasons, the Defendant's objections to ¶ 31 are denied.

### ¶ *41 - Prior Offense*

No criminal history points were assigned for this offense. The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 29) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of September, 2006.

                                              BY THE COURT:

                                              S/ Laurie Smith Camp
                                              United States District Judge